UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: MATTER OF THE APPLICATION OF ALPHA
FLAMIANO FOR THE ISSUANCE OF A SUBPOENA                1:23-MC-28
DUCES TECUM AND AN ORDER TO TAKE DISCOVERY                (LEK/DJS)
PURSUANT TO FCRP # 27
_____

**APPEARANCES:**                                **OF COUNSEL:**

OFFICE OF MARTIN J. KEHOE, III                  MARTIN J. KEHOE, III, ESQ.
Attorney for Petitioner
2009 Western Avenue
Albany, New York 12203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

Before the Court is an application by Alpha Flamiano, who is the Petitioner in an administrative proceeding brought under the auspices of the New York State Department of Education.  *See* Dkt. No. 1-3.  That proceeding was brought pursuant to, *inter alia*, the Individuals with Disabilities Education Act, and relates to Petitioner's efforts to secure educational programming for her child.  Dkt. No. 1-1 at p. 2. The application seeks the issuance of an Order to Show Cause with respect to two proposed forms of relief: the issuance of a judicial subpoena and an order pursuant to FED. R. CIV. P. 27 "for the preservation of documents and testimony."  Dkt. No. 1.  For the reasons which follow, the request for an order from this Court is denied.

It appears from the application that as a part of the state administrative proceeding, the Impartial Hearing Officer ("IHO") issued a subpoena duces tecum to the Saratoga

County Department of Social Services.  Dkt. No. 1-1 at ¶ 14; Dkt. No. 1-4.  A copy of that subpoena was not included in the present application, but it appears that it directed production of certain Department of Social Services records regarding child protective services matters.  *See* Dkt. No. 1-4.  In a letter to the IHO, the Department of Social Services objected to the production on numerous grounds, including the confidentiality of the records under N.Y. Social Services Law section 422.  *Id.*  The application before the Court does not indicate whether Petitioner sought some form of enforcement order from the IHO or from state court.  Instead, Petitioner now seeks an order directing the Department of Social Services and the Respondent school district to show cause why this Court should not issue a judicial subpoena directing production of these records.

"A federal court's jurisdiction is not determined by its power to issue a subpoena; its power to issue a subpoena is determined by its jurisdiction." *Matter of Marc Rich & Co., A.G.*, 707 F.2d 663, 669 (2d Cir. 1983).  "Because the subpoena process invokes the authority of the issuing federal court, subject-matter jurisdiction over a pending federal civil action is essential to the validity of a subpoena." 9 Moore's Federal Practice § 45-04[1] (3d ed. 2023).  Here, there is no underlying federal proceeding and so the Court does not appear to have authority to issue a subpoena or to compel a response to the one previously issued by the IHO.  *See generally* FED. R. CIV. P. 45.  The Court, therefore, declines to issue any further order regarding the subpoena.

The proposed order to show cause also seeks an order under Federal Rule of Civil Procedure 27.  Dkt. No. 1.  None of the supporting papers make further reference to this proposed relief, however.  Rule 27 permits a party to seek "an order authorizing the

petitioner to depose the named persons in order to perpetuate their testimony." FED. R. CIV. P. 27(a)(1).  "Rule 27 applies where testimony or evidence might be lost to a prospective litigant, requiring an immediate taking of the deposition to preserve it for future use." *In re Yamaha Motor Corp., U.S.A.*, 251 F.R.D. 97, 98 (N.D.N.Y. 2008). "The sole purpose of Rule 27 is to perpetuate testimony." *Id.* at 99.  Here, Petitioner has not identified any party she seeks to depose, nor identified any reason for needing to do so at this time.  Absent such a showing, relief under the rule in unavailable. *In re Petition of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005).  Instead, Petitioner is seeking discovery for purposes of a state administrative proceeding, but "Rule 27 may not be used as a vehicle for discovery prior to filing a complaint." *Id.*  The request for relief under Rule 27, therefore, is denied.

**ACCORDINGLY**, it is hereby

**ORDERED**, that the application is **DENIED**; and it is further

**ORDERED**, that the Clerk shall provide a copy of this Decision and Order to counsel for Petitioner via CM/ECF and additionally provide copies by mail to:

Nicholas M. Martin, Esq.  
Office of the County Attorney  
40 McMaster Street  
Ballston Spa, New York 12020

Tara Moffett, Esq.  
Girvin and Ferlazzo, PC  
20 Corporate Woods Blvd.  
Albany, New York 12211

**IT IS SO ORDERED**.

Dated: September 19, 2023  
       Albany, New York

Daniel J. Stewart  
U.S. Magistrate Judge